# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **TONY LYNN HALE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-07-CA-286-LY** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum of Law (Document 2); Respondent's Answer (Document 9); and Petitioner's response thereto (Document 10). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 368th Judicial District Court of Williamson County, Texas in cause number 04-619-K368.  Petitioner was charged with possession of a controlled substance, namely cocaine, with intent to deliver, in an amount of 4 grams or more but less than 200 grams; and possession of marijuana, in an amount of five pounds or less but more than four ounces.  These offenses were alleged to have been committed on March 15, 2002.  The indictment also alleged Petitioner had been previously convicted of a felony for the purpose of enhancing punishment.  A jury convicted Petitioner of both counts.  On October 4, 2004, after finding the enhancement paragraph true, the same jury assessed a 50-year prison term for the cocaine offense, and a two-year state jail term and a $5,000 fine for the marijuana offense.

Petitioner's convictions were affirmed by the Third Court of Appeals of Texas.  Hale v. State, No. 03-04-00692-CR, 2005 WL 2573540 (Tex. App. Austin - 2005, pet. ref'd).  His petition for discretionary review was refused by the Texas Court of Criminal Appeals on March 29, 2006.  Hale v. State, PDR No. 1697-05.

**B.      Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> Appellant was the driver of a car stopped for a traffic offense. With him in the car was another adult male and two juvenile females. During a search of the car, police found a bag containing twelve ounces of marihuana and another bag containing twenty-six grams of cocaine. No weapons, scales, small bags, or cash were found.

2

Round Rock police officer Jim Stewart, a sixteen-year veteran in charge of the narcotics division, testified that the value of the marihuana was approximately $600 and the amount was sufficient to make more than 300 joints. Stewart also estimated the value of the cocaine at about $600 and described it as "big chunks of cocaine which is normally how it's sold in large quantities." Stewart testified that users of cocaine will commonly possess only one or two grams. Stewart was of the opinion that both the marihuana and the cocaine were intended for distribution rather than personal use. During cross-examination, Stewart said that appellant was not previously known or suspected to be a drug dealer, and he also acknowledged that in recent years there has been a significant increase in the quantity of drugs possessed by persons arrested in the county. Nevertheless, Stewart insisted that the quantities involved here were substantial for Round Rock.

Hale v. State, No. 03-04-00692-CR, 2005 WL 2573540 at *1 (Tex. App. – Austin, 2005, pet. ref'd)

**C.    Petitioner's Grounds for Relief**

Petitioner's only ground for relief is that his conviction is based on legally insufficient evidence because the element of "with intent to deliver" with respect to the cocaine charge was unsupported by the evidence.  This is the same claim Petitioner raised on direct appeal.  The Court of Appeals rejected the claim, holding the evidence in the cause was not so weak as to preclude a finding beyond a reasonable doubt that Petitioner intended to deliver the cocaine.  Id. at *2.

**D.    Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised this claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts.   Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court will now turn to the issues raised by the pleadings in the case.

**B.   Sufficiency of the Evidence**

Petitioner argues there is no direct or circumstantial evidence to support the finding of intent to deliver beyond a reasonable doubt. Petitioner asserts the only evidence of intent to deliver came from the opinion testimony of a police officer. In addition, Petitioner asserts there was ample evidence of Petitioner's status as a drug user. Specifically, Petitioner asserts the evidence at trial showed that Petitioner used seven grams of cocaine every three days, meaning he would have used the cocaine in his possession in little over a week.

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except

guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.  United States v. Leahy, 82 F.3d 624, 633 (5th Cir. 1996).

To prove the offense of possession with the intent to deliver, the State must prove, in addition to possession, that the accused intended "to transfer, actually or constructively, to another a controlled substance, counterfeit substance, or drug paraphernalia, regardless of whether there is an agency relationship.  The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia."  Robinson v. State, 174 S.W.3d 320, 331 (Tex. App. – Houston [1st Dist.] 2005, pet. ref'd); TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon 2002). Intent to deliver a controlled substance can be proved by circumstantial evidence, including evidence regarding an accused's possession of the contraband. Patterson v. State, 138 S.W.3d 643, 649 (Tex. App.-Dallas 2004, no pet.) (citing Smith v. State, 737 S.W.2d 933, 941 (Tex. App.-Dallas 1987, pet. ref'd)); Mack v. State, 859 S.W.2d 526, 528 (Tex. App.-Houston [1st Dist.] 1993, no pet).  Factors courts have considered include: (1) the nature of the location at which the accused was arrested; (2) the quantity of contraband in the accused's possession; (3) the manner of packaging; (4) the presence or lack thereof of drug paraphernalia (for either use or sale); (5) the accused's possession of large amounts of cash; and (6) the accused's status as a drug user.  Williams v. State, 902 S.W.2d 505, 507 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd).  An oral expression of intent is not required. "Intent can be inferred from the acts, words, and conduct of the accused."  Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App.1995).  Expert testimony by experienced law enforcement officers may be used to establish an accused's intent to deliver. Mack, 859 S.W.2d at 529.

Here Petitioner was arrested after a traffic stop.  The arresting officer found 11.83 ounces of marijuana and 25.97 grams of cocaine in Petitioner's car during an inventory search.  6 SF 248, 250.

The officer did not find any packaging items or large sums of money.  6 SF 172.  Nevertheless, Officer Stewart testified the cocaine found in Petitioner's car resembled big chunks, which according to Officer Stewart is how cocaine is sold in large quantities.  6 SF 280.  Officer Stewart stated that typically when you see chunks of powder cocaine, it is for distribution.  6 SF 281.  Officer Stewart testified usually a personal use amount of cocaine would be one to two grams and that the value of cocaine found in Petitioner's possession was approximately $600-$700.  6 SF 282.  Officer Stewart explained it was not significant that plastic bags and money were not also found, because it was possible the cocaine had recently been picked up and had not yet been prepared for distribution.  6 SF 287.  Contrary to Petitioner's assertion, the only evidence presented during the guilt-innocence phase of trial regarding Petitioner's use of cocaine was from his juvenile parole officer, who stated Petitioner had told her he had used "cocaine and marijuana to cover up or to compensate for some problems that he was having at home."  7 SF 80.  This evidence was only allowed in after counsel for defendant in her closing argument stated Petitioner "never admitted to having anything to do with cocaine."  7 SF 75.  Because of counsel's statement, the trial court reopened the State's case.  7 SF 78.

During the punishment phase of trial, Petitioner testified on his own behalf.  Specifically, Petitioner stated he had "done cocaine in the past but not enough to even deal cocaine."  7 SF 205. He also stated he used cocaine once or twice while he was on juvenile parole.  7 SF 238.  Petitioner explained he did not like the feeling cocaine gave him.  7 SF 240.  Despite Petitioner's testimony, Petitioner had previously told the PSI officer that he snorted a quarter of an ounce of cocaine in a three-day period.  7 SF 240.  Petitioner explained that his previous trial counsel told him to lie to the PSI officer and tell the officer that he had used cocaine the night he was arrested and that he was a

cocaine addict so he would get probation. 7 SF 211-12, 240.  Petitioner admitted under oath that he had lied to the PSI officer and he had used cocaine less than six times.  7 SF 240, 257.[2]

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  The evidence presented at the guilt-innocence phase of trial was legally sufficient to support the jury's finding of "intent to deliver."

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[2]Ordinarily, the Court would not consider the evidence presented during the punishment phase of trial regarding the sufficiency of the evidence claim.  However, Petitioner blatantly misrepresented the testimony presented at trial, and the Court cites to the record in the punishment phase to demonstrate this point.  Based on Petitioner's assertion that the cocaine possessed was for personal use only, the Court scoured the record to ensure Petitioner's constitutional rights had not been violated, notwithstanding Petitioner's gross misrepresentation of the record.

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of September, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE